May it please the court. My name is Gregory Rich and I'm here on behalf of the appellant Joseph Von Kaenel. The issue in this appeal is whether the district court erred in finding that Mr. Von Kaenel's claim against Armstrong Teasdale under the AIDS Discrimination and Employment Act is barred by the doctrine of collateral estoppel based upon a finding by a state court judge in a different proceeding that as an equity partner of Armstrong Teasdale, Mr. Von Kaenel is not an employee within the meaning of the Missouri Human Rights Act. The district court's judgment should be reversed for two reasons. First, the term employee is not defined in an identical manner under the ADEA and the MHRA. What does identical require? What does it take for the definition to be identical? Your Honor, I would say that if you're looking at the definition either under Missouri law or federal law, that whichever analysis you use, you're going to come up with the same outcome in every situation without any variations. I think there's a reason why the term identical is used as opposed to something like substantially similar because you are essentially depriving a person of his day in court based upon an issue that has not actually been decided on a previous occasion. So I believe that identical means identical. So you think a theoretical distinction is sufficient to destroy the finding that something is identical? I think that if you take the same set of facts and apply two different analyses and you can I think that's correct. I think those issues are not identical. Well, on the facts of this case, how do you get to a different result? Well, because on the one hand, the Missouri Supreme Court uses the dictionary definition of employee. Well, I understand they use different, I can understand the dictionary definition versus the common law factors test, but at the end of each analysis, you end up with a non-employee. I don't think that's actually necessarily true because under the Clackamas case where control is the principal guidepost that should be used, I think you have to look at the amount of control that the firm has over the employee. And I don't think that you would necessarily say for certain whether Mr. Von Kainl, even as a partner, would end up as not being an employee. And so you would not look at the legal responsibilities of a partner or the terms of the partnership agreement. You would look, in fact, into the culture and the climate of the limited partnership and what authority, in reality, each partner had, right? That's correct. And so how do I go about drawing a test that some district court can actually analyze and follow to draw a distinction between a partner who's a mere rubber stamp and a partner who's a real partner? Well, I think it is a factual question and I think that the Supreme Court made that clear in Clackamas. And that function draws you a lawsuit in every situation, no matter how similar this might be, in fact. Well, if you're asking whether a person is an employee under two completely different statutes with two completely different analyses being used by different courts, I don't think you're going to come up with the same outcome. There may be cases where you may come up with the same outcome, but I don't think that's enough to say that the issues are identical because there may also be occasions when the outcomes are different. So in this situation, for example, if you look at the dictionary definition of employee as used by the Missouri Supreme Court, it refers to somebody, one employee by another, usually for wages and usually below the executive level. And the Supreme Court of Missouri defined an executive as one who holds a position of administrative or managerial responsibility. That word usually raises its ugly head in all these situations, doesn't it? Right. And I think that's what makes this difficult as well. And part of the problem is that we don't know from the state court's judgment in this case what factors went into his determination that Mr. Von Kienel is not an employee under the Missouri Human Rights Act. He cited Howard in his judgment, so I'm assuming that the court used the dictionary definition, but there was no analysis, no explanation of what factors the court considered, whether control was even something that the court looked at. And this is one of the reasons why our second argument is that alternative findings that have not been reviewed on appeal should not be preclusive for collateral estoppel purposes because you don't have the guarantee that the judge actually gave the issues, the careful deliberation and analysis that they would have received if they had been the only issue in the case. And so as the second restatement of judgments indicates, in that type of a situation, any issue standing alone would not be preclusive when the judgment could have been supported by any one of those issues on its own. What's the best authority for us that Missouri wants to follow the second restatement versus the first? Well, I think that essentially in this case the court needs to try to predict what the directly address whether or not to follow section 27 comment I of the secondary statement. But the Missouri Supreme Court and the Court of Appeals routinely rely upon the secondary statement of judgments. But not on this particular section? No, not on this particular section. But if you look at one of the cases that we cited in our brief is called Shaoyang Gu, and in that case the Missouri Court of Appeals stated that it considers the secondary statement of judgments to be persuasive authority with regard to the preclusion doctrines because of the Supreme Court's citation to various parts of the secondary statement in its decisions. And the Court of Appeals, while not expressly adopting comment I, has referred to other sections in section, other parts of section 27 in its decisions. So I think that shows that the Court of Appeals as well as the Missouri Supreme Court find the secondary statement as a whole to be persuasive authority. Would it be correct or accurate to say that across the spectrum of federal courts and the courts of appeal that the secondary statement position is a minority view? It could be. I wouldn't dispute that. I recognize that there are a number of courts from other states that opt to follow the comment I of section 27, but some of those cases were based upon the fact that the states in which those courts were sitting did not follow certain parts of the secondary statement. But in our case, I think it's highly significant that the Missouri Supreme Court does frequently rely upon the secondary statement of judgments in support of its decision. As recently as this past April, there was a case in which the Court cited section 22 in a case involving issues of race judicata. So I don't think this is necessarily a question of what other courts outside Missouri... That's not this particular section. You could like Chevy trucks, but not like their cars. I understand. But the issue is we're trying to predict essentially what the Missouri Supreme Court would do. And for whatever reason, this particular section or comment of section 27 has not arisen in any Missouri cases that I've been able to find. But I think that the fact that the Court routinely relies upon the secondary statement as persuasive authority is an indication that the Supreme Court would likely adopt comment I, section 27, if it came before the Court. And in that situation, the finding by the state court that Mr. Von Kainel is not an employee under the Missouri Human Rights Act would not be entitled to preclusive effect. Even if the state court had found that Mr. Von Kainel was an employee under the MHRA, the outcome would have been the same because the judgment was also supported by the other two alternative findings. In addition, Mr. Von Kainel did not appeal that decision, so it has not been subjected to a contested review on appeal, which according to the secondary statement comment O of section 27 shifts the balance in favor of having the finding not be entitled to preclusive effect. And so the district court was just irrevocably wrong in the position it's taken here, is that right? I think the district court was wrong in finding that the issue of whether Mr. Von Kainel was an employee or whether a partner is an employee is identical under state and federal law. I think it's very clear, at least in my opinion, that it's not because obviously in this case the state court found that Mr. Von Kainel is not an employee under the MHRA. But if you look at Clackamas and other cases cited in our briefs, there are federal courts that have allowed partners and law firms to proceed with discrimination claims because there were factual questions as to whether or not those partners were subject to the control of the firms that they worked in. So I think that because of the fact that the issues are not identical in this case, I think that the, and I think it's also significant that in the district court's order it cited a case called Livingston versus Rehab Care Group East out of the Eastern District of Missouri for the proposition that the definition of partner is identical or the definition of employee is identical under federal and state law. Livingston, in turn, relied upon a case called Sloan versus Banker's Life and Casualty Company for that proposition. And we know from Howard and subsequent cases that Sloan is no longer to be followed when deciding whether a person is an employee under the Missouri Human Rights Act. There's a couple of cases that we cited in our brief. One is State XRL-SIR versus Gateway Taxi Management and CLEI versus Missouri Commission on Human The dictionary definition is required to be used any time a court is trying to decide whether a person is an employee under the Missouri Human Rights Act. So to the extent that the district court in this case was relying upon Sloan, which predates Howard, that analysis was incorrect. And the current view among the Missouri courts is that control is not a significant factor in the analysis because courts in Missouri look to the dictionary when a statutory term is undefined and they use the plain and ordinary meaning, unlike the Supreme Court in Clackamas, which looked to the common law and found that Congress intended to describe the conventional master-servant relationship as understood by common law agency principles when it used the term employee in the various anti-discrimination statutes. Does the Missouri, do Missouri courts look to federal evaluation of federal law in terms of definitions of employees? They certainly do if there is no Missouri case law to the contrary. In this case, if Howard had not existed, then I think, you know, it would probably be appropriate for federal courts or state courts to look to federal courts for guidance on that issue. But we do have the Howard decision and that is a clear indication that the dictionary definition is supposed to be used when defining the term employee. So in this particular situation, I don't think it's appropriate for courts to look to federal court for guidance because they can only do that when federal court, federal case law is consistent with Missouri case law and I don't think that's the situation here. I'm going to reserve the rest of my time for rebuttal unless you have any questions. Thank you very much. Thank you, Mr. Rich. Mr. Perryman. May it please the court, counsel. My name is Neil Perryman. I'm here on behalf of the Appley Armstrong Teasdale LLP. With me at my counsel table is Michael Gentay, my partner. The court's honed in on the issues of this case and I want to just kind of begin with a couple prefatory remarks. The first is that the definition of the employee under the idea is an individual employed by an employer. The dictionary definition that Howard talked about said one employed by another. They're exactly the same. The question in this case that Judge Autry had to confront was whether an equity partner is an employee under the Missouri Human Rights Act. That's a different analysis and Judge Smith, you're exactly right. When there's an absence of Missouri law and no contrary authority in the Missouri Human Rights Act that differs from federal law, Missouri courts for many, many years have repeated that they will look to analogous federal statutes and case law. Here the question of whether an equity partner can be an employee has never been decided by a Missouri court. They would look to federal law and that's exactly what Judge Autry said. Interestingly, this is not a case where nothing happened in the trial court. Mr. Rich criticizes Judge Beatom and Cole County for not writing a 16-page opinion outlining all those facts. That's not required under any Missouri rule. There was a trial on June 30, 2017. It's set forth in the joint appendix. Evidence was adduced. There's not a single objection by Mr. Von Kainal's lawyer in that transcript that they provided to the court that there was an objection to the process by which they were going to determine this question of an issue in the case which was whether he was an equity partner. Not there. Well, how do you have identical issues when the analysis used differs and could differ in getting to a conclusion, which seems to be the appellant's position. I think, Judge, that there's a missing step. Missing from any of their papers is what difference it makes. I think the court started with that question. The definition of employee is the same, as I mentioned. The question is how does a court in Missouri interpret whether an equity partner is an employee? They would look at federal law. The issue would be the same, and we know that because there is no Missouri state law. Everybody agrees that an equity partner can't bring a Missouri Human Rights Act claim. Page 31 of the appellant's brief, they admit that any one of those three reasons, age 70, failure to timely file a charge, and the fact that he was an equity partner would have disposed of his claim. We know under IDEA, in the Rhodes case from this court, that an equity partner can't have a claim under federal law. We also know what happened in the trial court, which was evidence was adduced as to all the factors that would be considered under Clackamas and federal law. He was entitled to vote on new partners. He had a K-1. He shared in profits and losses. That's all in the record. That's exactly what a court would decide. By the way, there was no appeal. There was no challenge to this decision. The criticism of Judge Autry on appeal here is that he failed to divine that they were really arguing that alternative holdings can't be used to be preclusive because there was more than one. That's never raised. If you look at the appendix at page 76 on, try to find where they raised this issue. It isn't there. It's an appeal issue only. So I don't think we even get there. The question for this court really is, what would a Missouri court do when there's an absence of Missouri state law on an issue? And the cases are clear from Doherty and others that they would follow federal law. This question of Sloan and Sloan not being good law anymore is also an overstatement. Howard involved a municipal judge in Kansas City and they were looking at the question of control and they found that factually it didn't apply because this is a judge that gets to make decisions and can't be controlled by the employer. But they then looked at the indicia of employment. They found that they signed employment forms, personnel records, were treated like an employee and found that the Sloan test didn't work for this judge because there was a control issue. But they didn't throw it out. Sloan is still good law when deciding whether an independent contractor can be an employee. And to say it isn't is an overstatement. If you look at the Sear case that was cited by the appellant, they specifically reference – they didn't analyze control. Judge Crane says this is the most recent pronouncement of Missouri law on this issue, but then goes on to determine whether there's an independent contractor issue and then whether there's control and whether the taxi cab regulations govern. Does this court need to decide whether Missouri would follow restatement – which section of restatement Missouri would follow? Only if it's okay not to raise an issue to the district court and then come to the Court of Appeals and complain about it. What happened below is they argued that the issue of the alternative holding was dictum. And that's what Judge Autry analyzed. They never presented to the Missouri district court judge the question whether Missouri would adopt this obscure restatement section based upon a 1970 bankruptcy case that's been cabined even by the Second Circuit. Winters and Gelb have basically said it's an outlier, it applies in unique circumstances. The holding in that case is very specific. It is basically that when someone's adjudged to be a bankrupt, the findings regarding the fact that the person is bankrupt can't be used in a later trial on objections to discharge. That's it. Later cases from the Second Circuit have quarantined that case. It's specific in the bankruptcy context. But more importantly, this is something that should have been raised to Judge Autry. The fact that it was dictum, they claim it was dictum, was addressed, and it isn't, and then they come to the Court of Appeals and say, really the court screwed up because he didn't follow this restatement section that we never argued to him. That's where we are. Now in the reply brief, they kind of concede that they never raised it, but not really. They come up with some argument at page 12 of their brief that essential was raised so he could have thought they were referring to the restatement section that they thought he should have adopted. It's not there. Moreover, the Kinsky case and other cases we've cited in our brief set forth Missouri's fair policy avoiding the expense and vexation of multiple lawsuits. Let's recall that he brought the claim in Cole County. He sought to prosecute a state law age discrimination case. He tried the case. He didn't appeal it. He then filed a federal case. Same issue. The defense is, can an equity partner be an employee subject to the protections of the act? The answer is no. Everybody agrees on that. The criticism is that because Howard talked about a dictionary definition in the case involving whether a municipal judge is an employee, that somehow they've divorced Missouri from their longstanding policy of following federal law in the absence of direct contrary Missouri authority. And that's where we are. So we would ask that the court affirm the judgment in all respects and appreciate your time. Thank you, Mr. Perryman. Thank you. Mr. Rich, your rebuttal. Mr. Perryman has argued that federal law should be followed on the issue of whether Mr. Von absence of Missouri law on that issue. While I agree that there are no Missouri cases that have expressly decided whether an equity partner is an employee under the MHRA, there is Missouri law that helps determine whether a person is an employee under that statute, and that is Howard v. City of Kansas City. Although that case involved the somewhat unique job of a municipal judge, there's nothing in that case that indicates that the analysis that the court used is limited just to the And I think it's clear from the State XREL-SIR v. Gateway Taxi Management that that is true, where the court stated, quote, as the last controlling opinion of the Missouri Supreme Court, the Howard approach prevails over the Sloan approach in analyzing whether a worker is an employee under the MHRA. That's not limited to any particular positions. So whether we're talking about a What was the site from that you just read? That was State XREL-SIR 400 SW 2nd 3rd at page 486. So whether we're talking about an equity partner, an executive vice president, or a high school teacher, the same test is going to be used, and that's because under Missouri law we see it all the time. When a statutory term is undefined, the court looks to the dictionary to determine what that term means, and that's exactly what the court did in Howard. So there's no reason to believe that any other analysis would be used when we're talking about an equity partner, and there's no reason for the court to look to federal law for guidance on this issue. I also want to address the issue of whether the question of whether alternative findings are preclusive has been preserved on appeal. I believe it has. In the district court, Mr. Von Kainle argued that collateral estoppel does not apply in this case because the state court's findings, the state court's judgment was based upon alternative findings, and his status, the finding regarding his status as an employee was not essential to that decision. That's the same argument that Mr. Von Kainle is making in this appeal. The district court had an opportunity to consider that issue and found that when a judgment is based upon two or more grounds, each is considered authoritative. Now admittedly, Mr. Von Kainle did not cite the 2nd restatement of judgments in his briefing in the district court, but that just provides further support for the argument that Mr. Von Kainle has made in this appeal. The substance of the argument is the same, even though it's based on slightly different legal theories. Even if this court finds that Mr. Von Kainle did not raise that issue in the district court, the court can still consider that issue as part of this appeal. This court has stated in prior decisions that it will consider an issue for the first time on appeal when the argument involves a purely legal issue and no additional factual development is necessary. That's what we have in this case. For these reasons, I would ask the court to reverse the district court's judgment in favor of Armstrong Teasdale and remand this case for further proceedings. Thank you. Thank you, Mr. Rich. The court wishes to thank both counsel for your presence in the courtroom today, for the argument you provided to us, the briefing that's been submitted, and we'll take the case under advisement.